UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHAEL A. DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:08-cv-1310-WTL-JMS |
| | ) | |
| SHERIFF OF HENRY COUNTY BUTCH | ) | |
| BAKER et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant Charlie Fox's Motion for Summary Judgment (Docket No. 27). The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons, and to the extent set forth below.

## I.  SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(c)(2) provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed and all reasonable inferences must be drawn in the non-movant's favor.  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009).  However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial."  *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007).  Finally, the non-moving party bears

the burden of specifically identifying the relevant evidence of record, and "the court is not

required to scour the record in search of evidence to defeat a motion for summary judgment."

*Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II.  BACKGROUND

The Plaintiff, Michael Davis, filed suit against Butch Baker, the Sheriff of Henry County,

and three Sheriff's Department employees: Jesse Trennenpoho, Patrick Campbell, and Charlie

Fox.[1]  Davis alleges that while he was an inmate at the Henry County Jail, Fox handed him the

wrong medicine.  Instead of giving Davis his prescription pills, Fox gave Davis his cellmate's

medication.  Within a matter of hours, Davis began suffering chest pains, shortness of breath,

and nausea.  Davis was examined by a nurse but was not sent to the hospital.

## III.  DISCUSSION

Davis' Complaint alleges two causes of action against Fox: (1) cruel and unusual

punishment in violation of the Eighth Amendment[2] and (2) state law negligence.

The Defendant's Motion for Summary Judgment addresses Davis' federal claim only.  In

order to prevail on this claim, Davis must prove that Fox displayed deliberate indifference to his

---

[1] This motion was brought solely by Defendant Fox; therefore, the Court will confine its recitation of the facts to those involving Fox.

[2] Because Davis was a pre-trial detainee at the time of the alleged violation, his federal claim is analyzed under the Fourteenth Amendment, not the Eighth Amendment.  The Fourteenth Amendment analysis is identical to the Eighth Amendment analysis.  *See Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003).  In *Palmer*, the Seventh Circuit discussed whether a pre-trial detainee's constitutional claim arises under the Eighth Amendment's Cruel and Unusual Punishment Clause or under the Fourteenth Amendment's Due Process Clause.  Ultimately, the court emphasized that determining which clause applies is not particularly important because "'deliberate indifference is the recognized standard of protection afforded to both convicted prisoners and pretrial detainees under the Eighth and Fourteenth Amendments respectively."  *Id.* at 593.

serious medical needs.  *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008).  A "deliberate indifference to serious medical needs" claim has both an objective and a subjective component. *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).  The objective component requires a showing that Davis' medical condition was objectively serious.

> To satisfy the subjective component, a prisoner must demonstrate that prison officials acted with a sufficiently culpable state of mind. . . . The officials must know of and disregard an excessive risk to inmate health; indeed they must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and must also draw the inference.  This is not to say that a prisoner must establish that officials intended or desired the harm that transpired. Instead, it is enough to show that the defendants knew of a substantial risk of harm to the inmate and disregarded the risk.  Additionally, a factfinder may conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.

*Hayes*, 546 F.3d at 522 (citations and internal quotation marks omitted).

Deliberate indifference is a high standard indeed.  Perhaps in recognition of this fact, Davis concedes that "a jail guard's merely mixing medications, and administering the wrong medication to an inmate, does not rise to the level of deliberate indifference."  Response at 2. The Court agrees.  Even assuming that Davis satisfies the objective prong of the inquiry, Fox's onetime error does not indicate that he knew of and disregarded an excessive risk to Davis' health.  As soon as Fox realized that Davis was ill, Fox called a nurse.  *See* Def. Ex. 1 at 8.  Even if Davis is not satisfied with the medical treatment that the nurse provided, he cannot now hold Fox liable.  In *Hayes*, the Seventh Circuit explained that "'[i]f a prisoner is under the care of medical experts . . . a non-medical prison official will generally be justified in believing that the prisoner is in capable hands.'"  *Hayes*, 546 F.3d at 527 (quoting *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004)).  When, as here, a prison worker investigates an inmate's medical complaints and refers the complaints to a medical provider, the Seventh Circuit is generally unwilling to find

the non-medical prison worker deliberately indifferent.

At best, as Davis vigorously argues, Fox may have been negligent.  Response at 4-5.
While this may be true, negligence is not enough to impose liability under either the Eighth or
Fourteenth Amendment's deliberate indifference standard.  *Matos* ex rel. *Matos v. O'Sullivan*,
335 F.3d 553, 557 (7th Cir. 2003) ("[D]eliberate indifference requires a showing of more than
mere or gross negligence, but less than purposeful infliction of harm."); *Perkins v. Lawson*, 312
F.3d 872, 875 (7th Cir. 2002) ("Negligence or even gross negligence does not constitute
deliberate indifference.").  Accordingly, Fox's Motion for Summary Judgment is **GRANTED** as
to Davis' federal claim.

Davis also plead a state law negligence claim against Fox.  In order to recover for
negligence, Davis will have to show that "the defendant breached a duty owed to the plaintiff
that was the proximate cause of plaintiff's injuries."  *Barsz v. Max Shapiro, Inc.*, 600 N.E.2d
151, 152 (Ind. Ct. App. 1992).  Fox's motion does not address Davis' negligence claim
whatsoever.  This may be because Fox recognized that "in Indiana, summary judgment is
generally seen to be inappropriate in negligence actions."  *Perkins v. Lawson*, 312 F.3d 872, 876
(7th Cir. 2002); *Barsz*, 600 N.E.2d at 152.  Yet Fox concedes that "[e]ven taking Davis's version
of the events as true as one must for this motion . . . [t]hat the two cups were inadvertently
switched . . . at its very best . . . shows negligence."  Def. Br. at 3.  Based on the parties'
designated evidence, a reasonable jury could find that Fox's actions were negligent.
Accordingly, Fox's Motion for Summary Judgment is **DENIED** as to Davis' negligence claim.


**CONCLUSION**

4

For the foregoing reasons, the Defendant's Motion for Summary Judgment (Docket No.

27) is **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED:   02/26/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.